Brian M. Taddonio (BT-1409)
brian@taddonio.law
TADDONIO LAW PLLC
75 South Broadway, Suite 4-2489
White Plains, NY 10601
Telephone: (646) 631-0598

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JR APPAREL WORLD LLC**, <br><br> Plaintiff, <br><br> v. <br><br> **AWAY FROM HOME TOURING, INC.**, <br><br> Defendant. | Civil Action No. 9:24-cv-4128 <br><br> **COMPLAINT** <br> (Trademark Infringement, Unfair Competition, Trademark Dilution, and Injury to Business Reputation) <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff JR Apparel World LLC ("JR Apparel"), by and through its undersigned counsel, pursuant to Federal Trademark Law, commonly referred to as the Lanham Act, 15 U.S.C. § 1051, *et seq.*, New York General Business Law, and New York common law, hereby asserts claims of federal trademark infringement, unfair competition, and dilution; state injury to business reputation and dilution; and common law trademark infringement and unfair competition against Away From Home Touring, Inc. ("Away From Home").

### I.    INTRODUCTION

JR Apparel seeks (1) injunctive relief against Away from Home's unauthorized use and exploitation of JR Apparel's trademark rights and (2) damages arising from Away From Home's past acts of infringement and unfair practices in violation of the Lanham Act, New York State General Business Law, and New York common law.

## II.     PARTIES

1. JR Apparel is a New York limited liability corporation whose principal address is P.O. Box 846, Syosset, New York 11791.

2. Upon information and belief, Away From Home is a Delaware corporation whose principal address is 10960 Wilshire Blvd., 5th Floor, Los Angeles, CA 90024.

## III.     JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims arising under the Lanham Act pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction over the claims arising under the law of New York pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Away From Home because, upon information and belief, Away From Home has (a) transacted business within the state or has contracted anywhere to supply goods or services in the state and this judicial district; (b) committed a tortious act within the state and within this judicial district; and/or (c) committed a tortious act without the state causing injury to person or property within the state and this judicial district sufficient to permit to this Court to exercise personal jurisdiction over Away From Home.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because, upon information and belief, a substantial part of the events giving rise to the claim occurred in this district and because a substantial part of the property that is the subject of the action is situated in this district.

## IV.     FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.     JR Apparel's Business**

6. In 1975, JR Apparel's predecessor, International Trends, LTD. ("International Trends"), founded the world-famous MEMBERS ONLY brand.

2

7. International Trends' and its successors' substantial advertising, marketing, and sales of goods bearing the MEMBERS ONLY mark, particularly the MEMBERS ONLY Iconic Racer Jacket, have caused the MEMBERS ONLY mark to achieve tremendous popularity and become widely recognized as an iconic trademark. An exemplary example of the MEMBERS ONLY Iconic Racer Jacket is shown below:



8. In 2012, JR Apparel acquired the MEMBERS ONLY brand, trademarks, trade dress, and associated goodwill from a successor of International Trends. Since then, JR Apparel has spent considerable time and money expanding MEMBERS ONLY from its core product line into a complete lifestyle brand.

9. Since 2013, JR Apparel has been offering for sale and selling MEMBERS ONLY goods, including a wide range of apparel items, continuously and substantially exclusively throughout the United States. For example, JR Apparel sells MEMBERS ONLY merchandise through a wide variety of trade channels, including but not limited to department stores, online retailers (e.g., Amazon.com, Walmart.com, etc.), and specialty stores. In addition, JR Apparel promotes, offers for sale, and sells MEMBERS ONLY merchandise through its website https://membersonly.com/ and its various social media accounts (e.g., https://www.instagram.com/membersonlyusa/?hl=en). Further, JR Apparel has sold MEMBERS ONLY merchandise through branded "pop-up" events in New York, Los Angeles, etc.

10. JR Apparel has collaborated with well-known companies such as Warner Bros. Entertainment, Inc., Nickelodeon, etc., in connection with specialty and/or limited edition cross-promotion MEMBERS ONLY merchandise. In addition, JR Apparel has similarly collaborated with well-known professional sports teams such as the Cleveland Cavaliers, Jacksonville Jaguars, New York Islanders, etc., and such MEMBERS ONLY merchandise has been advertised and/or sold within the respective arenas or sports complexes.

11. The MEMBERS ONLY Iconic Racer Jacket, which prominently features the MEMBERS ONLY mark on the front left chest pocket of the jacket, has appeared in numerous contemporary and popular movies and television shows such as *Air, Cocaine Bear, Candy, Double Threat, Wedding Season, Jury Duty, The Bear, Acapulco, Bridge and Tunnel, Wonder Woman 1984, Valley Girl, Gravesend Season 2, Mixed-ish, The Boys, Just Mercy, The Dirt, Ouija House, The Chi, Glow, The Deuce, Snowfall, Stranger Things, Animal Kingdom, Narcos, Trainwreck, SouthPaw, The Unbreakable Kimmy Schmidt, Neighbors, The Judge, Anchorman 2: The Legend Continues, Brooklyn Nine-Nine, Ray Donovan, Blue Jasmine, Grudge Match, Argo, Hall Pass,*

*Teen Wolf, The Other Guys, The Walking Dead, NCIS Los Angeles, Glee, The Love Guru, Heroes, Friday Night Lights, Talladega Nights, Find Me Guilty, The Pursuit of Happyness, Shallow Hal, Curb Your Enthusiasm, Bedazzled, The Sopranos, Will & Grace, Seinfeld, Mr. Belvedere, The Goonies, and Cannonball Run II*, to name just a few.

12. The MEMBERS ONLY Iconic Racer Jacket has also been popularized by a wide variety of past and present entertainers and celebrities such as Frank Sinatra, Freddie Mercury, Robert De Niro, Billy Joel, Anne Hathaway, Patrick Stewart, Andersen Cooper, Zac Efron, Jordon Sparks, Justin Bieber, Jessica Alba, Matt Damon, Alden Ehrenreich, David Brown, Pablo Schreiber, Kevin Joy, Rizwan Manji, Ebon Moss-Bachrach, Wes Tian, Chord Overstreet, Brian Muller, Chris Pine, Logal Paul, Chazz Palminteri, Mak-Paul Gosselaar, Sean Patrick Flannery, Michael B. Jordan, Pete Davidson, Nathaniel Meek, Alex R. Hibbert, Rich Sommer, Chris Coy, Damson Idris, Steve Harrington, Shawn Hatosy, Boyd Holbrook, Colin Quinn, Forest Whitaker, Ellie Kemper, Rose Byrne, Robert Duvall, <u>Aubrey Drake Graham ("Drake")</u>, Andy Samberg, Jon Voight, Andrew Dice Clay, Kevin Hart, Ben Afleck, Owen Wilson, Tyler Hoechlin, Will Ferrell, Aiden Monroe, Derrick A. King, Chris Colfer, Justin Timberlake, James Kyson, Zach Gilford, Gary Cole, Tony Ray Rossi, Will Smith, Billy bob Thornton, Jason Alexander, J.B. Smoove, Brendan Fraser, Selly Morrison, Wayne Knight, Ina Fried, Corey Feldman, Burt Reynolds, and many others.

13. Consequently, the MEMBERS ONLY Iconic Racer Jacket is one of the most recognizable jackets in recent history, and MEMBERS ONLY is a famous household name.

B. **JR Apparel's "MEMBERS ONLY" Mark**

14. JR Apparel owns U.S. Registration No. 1086489 of MEMBERS ONLY for "sport jackets, cloth jackets, leather jackets, cloth coats, leather coats, dress shirts, sweaters" in International Class 25, which was issued by the United States Patent and Trademark Office

5

("USPTO") on February 28, 1978, based on a date of first use of July 1, 1975. Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark and its status are attached as **Exhibit A**.

15. JR Apparel owns U.S. Registration No. 3915373 of MEMBERS ONLY for "Clothing, namely, men's clothing, namely, sweatpants, sweatshirts, belts, coats, golf apparel, namely, golf shirts, golf trousers, khakis, knit tops, jackets, shoes, sweaters, trousers; ladies' clothing, namely, coats, jackets, shirts; children's clothing, namely, jackets, shirts" in International Class 25, which was issued by the USPTO on February 8, 2011, based on a date of first use of 1987. Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark and its status are attached as **Exhibit B.**

16. JR Apparel owns U.S. Registration No. 6322461 of MEMBERS ONLY for "Clothing, namely, men's clothing, namely, hats, shorts, sleepwear, socks, underwear, and vests" in International Class 25, which was issued by the USPTO on April 13, 2021, based on a date of first use of March 31, 2019. A copy of the Certificate of Registration for this mark and its status are attached as **Exhibit C**.

17. JR Apparel owns U.S. Registration No. 6373658 of MEMBERS ONLY for "Eyeglasses, eyeglass frames, fashion eyeglasses, sunglasses" in International Class 9, which was issued by the USPTO on June 1, 2021, based on a date of first use of November 1, 2020. A copy of the Certificate of Registration for this mark and its status are attached as **Exhibit D**.

18. JR Apparel owns U.S. Registration No. 6584262 of MEMBERS ONLY for "medical wearing apparel, namely, surgical scrub suits, surgical scrub tops, surgical scrub pants"

in International Class 10, which was issued by the USPTO on December 7, 2021, based on a date of first use of August 31, 2021. A copy of the Certificate of Registration and its status are attached as **Exhibit E**.

19. JR Apparel owns U.S. Application Serial No. 90566285 of MEMBERS ONLY for "Clothing, namely, men's clothing, namely, gloves, golf apparel, namely, golf shorts, hats, jeans, jogging suits, leggings, blazers, scarves, shorts, sleepwear, socks, suits, swimwear, ties, underwear, and vests; ladies' clothing, namely, sweatpants, sweatshirts, belts, dresses, blouses, skirts, gloves, golf apparel, namely, golf shirts, golf shorts, golf skirts and golf trousers, hats, jeans, jogging suits, khakis, knit tops, leggings, lingerie, blazers, scarves, shoes, shorts, sleepwear, socks, suits, sweaters, swimwear, slacks, trousers, vests and headwear; children's clothing, namely, sweatpants, sweatshirts, belts, coats, dresses, blouses, skirts, gloves, golf apparel, namely, golf shirts, golf shorts, golf trousers and golf skirts, hats, jeans, knit tops, leggings, blazers, scarves, shoes, shorts, sleepwear, socks, suits, sweaters, swimwear, ties, trousers, slacks, underwear, vests, and headwear" in International Class 25, which was filed with the USPTO on March 8, 2021. A copy of the USPTO's relevant status documents for this mark is attached as **Exhibit F**.

20. JR Apparel owns substantial common law trademark rights associated with the mark MEMBERS ONLY, particularly related apparel.

21. JR Apparel's aforementioned MEMBERS ONLY marks and common law trademarks are collectively referred to herein as the "MEMBERS ONLY Marks."

**C.  Away From Home's Unlawful Activities**

22. Upon information and belief, Away From Home is Aubrey Drake Graham a/k/a Drake's production company.

23. Upon information and belief, Away From Home sold, offered for sale, and/or advertised a t-shirt bearing JR Apparel's MEMBERS ONLY mark on the front of the t-shirt at Drake's "It's All A Blur Tour" (the "Infringing T-shirt"), including in this judicial district.

24. Upon information belief, a screenprint of a photograph taken on March 28, 2024, of the front (top) and back (bottom) of the Infringing T-shirt being offered for sale at Drake's "It's All A Blur Tour" in this judicial district is shown below:



8

25. Upon information and belief, approximately 397,940 tickets were sold in connection with Drake's "It's All A Blur Tour."

26. On April 1, 2024, JR Apparel, through the undersigned counsel, transmitted a letter addressed to Live Nation Entertainment, Inc. via email stating in pertinent part, "it has come to our client's attention that a purported MEMBERS ONLY t-shirt is being sold, offered for sale, and/or advertised at Aubrey Drake Graham's ("Drake") 'All A Blur Tour' (the 'Infringing T-shirt'), which upon information and belief is being operated, run, or handled by Live Nation Entertainment Inc.'s ('Live Nation')" (the "April 1st Letter").

27. Specifically, JR Apparel asserted in the April 1st Letter that Live Nation's and/or Drake's adoption and use of JR Apparel's MEMBERS ONLY Marks in connection with the Infringing T-shirts constituted trademark infringement, unfair competition, and trademark dilution resulting from.

28. JR Apparel also asserted in the April 1st Letter that "the fact that 'Members Only' is a song on Drake's album 'For All the Dogs' does not obviate the likelihood of confusion or give Live Nation and/or Drake license to use our client's MEMBERS ONLY Marks in such a confusing manner, particularly on or in connection with apparel items."

29. On April 3, 2024, upon information and belief, a representative of Away From Home telephoned JR Apparel's undersigned counsel in response to the April 1st Letter to discuss JR Apparel's claims.

30. Between April 3, 2024, and June 6, 2024, JR Apparel and Away From Home attempted to resolve their differences amicably; however, no resolution was achieved.

9

31. Upon information and belief, Drake's "It's All A Bur Tour" has ended; however, the tour will likely resume shortly. A copy of the relevant portions of Complex's article entitled "Drake Says He's 'Definitely' Going on Tour in Europe in 2024" is attached as **Exhibit G**.

32. Away From Home's aforesaid acts have caused and, unless enjoined, will continue to cause irreparable damage and injury to JR Apparel, for which JR Apparel has no adequate remedy at law.

33. Away From Home's damage and/or injury to JR Apparel is exacerbated by the fact that, upon information and belief, counterfeits, intentionally confusing imitations, and/or materially different garments of the Infringing T-shirts are being sold, offered for sale, and/or advertised on eBay. An exemplary screenshot from eBay's website, https://www.ebay.com/sch/i.html?_from=R40&_trksid=p2510209.m570.l1311&_nkw=drake+members+only+shirt&_sacat=0&_nls=0&_dmd=2, accessed and printed on June 10, 2024, is shown below:











10

## FIRST CLAIM FOR RELIEF
(Federal Trademark Infringement)

34. JR Apparel repeats and realleges the allegations in paragraphs 1 through 33 as if set forth herein.

35. Away From Home sold, offered for sale, and/or advertised goods bearing the mark "Members Only" that are identical, overlapping, and/or highly similar to the goods that JR Apparel sells bearing its MEMBERS ONLY Marks.

36. Upon information and belief, attendees at Drake's "Its All a Blur Tour" concerts are aware of, know of, and/or are familiar with the brand MEMBERS ONLY and/or JR Apparel's MEMBERS ONLY Marks.

37. Upon information and belief, Away From Home first used "Members Only" in connection with the Infringing T-shirts long after JR Apparel established rights to its MEMBERS ONLY Marks.

38. Away From Home's use of MEMBERS ONLY in connection with its sales, offering for sale, and/or advertising of its Infringing T-shirts is likely to cause confusion, mistake, and deception among consumers as to the origin of Away From Home's Infringing T-shirts and is likely to deceive the public into believing that the Infringing T-shirts sold, offered for sale, and/or advertised by Away From Home originated from, are associated with, and/or are authorized by JR Apparel.

39. Away From Home's acts were without JR Apparel's license, permission, and/or authorization.

40. Away From Home's conduct, as set forth above, constitutes an infringement of JR Apparel's federally registered MEMBERS ONLY marks under 15 U.S.C. § 1114.

41. Upon information and belief, Away From Home's adoption and use of the same or a confusingly similar variation of JR Apparel's MEMBERS ONLY Marks constitutes a knowing, purposeful, and/or willful infringement of JR Apparel's trademark rights.

42. JR Apparel has no adequate remedy at law, and if Away From Home's complained-of actions are not enjoined, JR Apparel will continue to suffer irreparable harm and injury to its goodwill and reputation as symbolized by the MEMBERS ONLY Marks.

**SECOND CLAIM FOR RELIEF**
(Federal Unfair Competition)

43. JR Apparel repeats and realleges the allegations in paragraphs 1 through 42 as if set forth herein.

44. Away From Home's use of MEMBERS ONLY in connection with the sale, offering for sale, and/or advertising of goods that are identical, overlap, and/or are highly similar to the goods sold by JR Apparel bearing its MEMBERS ONLY Marks is likely to cause confusion, or to cause mistake, to deceive consumers as to the affiliation, connection, or association between Away From Home and JR Apparel, or is likely to cause confusion, or to cause mistake, or to deceive the public as to the origin, sponsorship, or approval of Away From Home's Infringing T-shirts or commercial activities by JR Apparel.

45. Away From Home's aforementioned acts were without JR Apparel's license, permission, and/or authorization.

46. Away From Home's aforementioned acts constitute a violation of Section 43(a) of the Lanham Act 15 U.S.C. § 1125(a).

47. Upon information and belief, Away From Home committed such acts willfully, knowingly, and/or maliciously in conscious disregard of JR Apparel's trademark rights.

48. Away From Home's aforementioned conduct has caused, and unless restrained by this Court, will continue to cause irreparable injury to JR Apparel's property and business.

49. JR Apparel has no adequate remedy at law, and if Away From Home's complained-of actions are not enjoined, JR Apparel will continue to suffer irreparable harm and injury to its goodwill and reputation as symbolized by the MEMBERS ONLY Marks.

## THIRD CLAIM FOR RELIEF
(Federal Trademark Dilution)

50. JR Apparel repeats and realleges the allegations of paragraphs 1 through 49 as if set forth herein.

51. The MEMBERS ONLY Marks were distinctive and famous long before Away From Home first used "Members Only" in connection with its sales, offering for sale, and/or advertising of the Infringing T-shirts.

52. The MEMBERS ONLY Marks have received extensive publicity and unsolicited third-party recognition, and MEMBERS ONLY is a household name.

53. JR Apparel licenses the MEMBERS ONLY Marks only to licensees who agree to use the marks in a particular manner, and any dilution of that use is harmful to JR Apparel, which derives significant revenue based on the goodwill associated with the MEMBERS ONLY Marks.

54. Away From Home's acts have diluted the distinctive quality of the MEMBERS ONLY Marks in violation of 15 U.S.C. § 1125(c).

55. Upon information and belief, Away From Home's dilution of JR Apparel's famous MEMBERS ONLY Marks was knowingly and willful.

56. JR Apparel has no adequate remedy at law, and if Away From Home's actions relative to the Infringing T-shirts are not enjoined, JR Apparel will continue to suffer irreparable harm and injury to its goodwill and reputation as symbolized by the MEMBERS ONLY Marks.

## FOURTH CLAIM FOR RELIEF
(NY State Injury to Business Reputation; Dilution)

57. JR Apparel repeats and realleges the allegations of paragraphs 1 through 56 as if set forth herein.

58. Away From Home's knowingly and in bad faith actions have injured JR Apparel's business reputation and diluted the distinctive quality of JR Apparel's MEMBERS ONLY Marks, violating JR Apparel's rights under New York General Business Law § 360-L.

59. Away From Home's violations of New York General Business Law § 360-L have caused injury to JR Apparel.

60. Away From Home's violations of New York General Business Law § 360-L have caused, and if not enjoined, will continue to cause JR Apparel to sustain irreparable harm, for which JR Apparel has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
(Common Law Trademark Infringement and Unfair Competition)

61. JR Apparel repeats and realleges the allegations of paragraphs 1 through 60 as if set forth herein.

62. Away From Home's use of JR Apparel's MEMBERS ONLY Marks in connection with the Infringing T-shirts is misleading and unlawful. Such actions will likely deceive consumers by creating a false impression that Away From Home's Infringing T-shirts are affiliated with or made by JR Apparel and, therefore, constitute unfair competition under New York State common law.

63. Away From Home's aforesaid violations of New York State common law have caused injury to JR Apparel.

64. Away From Home's aforesaid violations of New York State common law, if not enjoined, will continue to cause JR Apparel to sustain irreparable damage and injury, for which it has no adequate remedy at law.

65. As a direct and proximate result of Away From Home's knowingly bad faith actions, JR Apparel has suffered damages in an amount to be determined at trial, and unless Away From Home is restrained, JR Apparel will continue to suffer damage and irreparable harm.

## **PRAYER FOR RELIEF**

WHEREFORE, JR Apparel demands judgment against Away From Home as follows:

A. Away From Home and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Away From Home or in concert or participation with Away From Home, and each of them, be enjoined both preliminarily and permanently from:

1. using JR Apparel's MEMBERS ONLY Marks or any other confusingly similar name, mark, or indicia of source;

2. manufacturing, producing, selling, importing, exporting, distributing, advertising, promoting, displaying, or otherwise exploiting the Infringing T-shirts;

3. committing any other acts that infringe or dilute JR Apparel's MEMBERS ONLY Marks or unfairly compete with JR Apparel; and

4. committing any other acts calculated or likely to cause consumers to believe that Away From Home or its goods or services are in any way affiliated, connected, associated, originated from, sponsored, and/or approved by JR Apparel.

B. Away From Home be ordered pursuant to 15 U.S.C. § 1118 to deliver to JR Apparel for destruction all units of the Infringing T-shirts and all materials (including without limitation all

tangible advertisements, promotional materials, brochures, signs, displays, packaging, labels, and/or website materials) within its possession, custody or reasonable control, either directly or indirectly, that display or incorporate images of the Infringing T-shirts;

C. Away From Home be ordered pursuant to 15 U.S.C. § 1116 to file with the Court and serve on the undersigned counsel within thirty (30) days after the entry of final judgment, a report in writing and under oath setting forth in detail the manner and form in which they have complied with paragraphs A and B above;

D. Away From Home be ordered pursuant to 15 U.S.C. § 1117(a) to account to JR Apparel for all its gains, profits, and advantages derived from its sales of the Infringing T-shirts;

E. Based on Away From Home's knowing and intentional use of JR Apparel's MEMBERS ONLY Marks, the damages award be trebled and the award of Away From Home's profits be enhanced pursuant to 15 U.S.C. § 1117(a);

F. Away From Home be required pursuant to 15 U.S.C. § 117(a) to pay JR Apparel its costs and reasonable attorneys' fees incurred in this action;

G. JR Apparel be awarded prejudgment and post-judgment interest on all monetary awards; and

H. JR Apparel be awarded such other and further relief as the Court may deem reasonable and just.

## JURY DEMAND

JR Apparel respectfully demands a trial by jury on all issues that are so triable.

Dated: White Plains, New York
      June 11, 2024

                                TADDONIO LAW PLLC

                                By:   /s/ Brian M. Taddonio
                                Brian M. Taddonio (BT-1409)

brian@taddonio.law
75 South Broadway, Suite 4-2489
White Plains, NY 10601
Telephone: (646) 631-0598

*Attorneys for Plaintiff,*
JR Apparel World LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document is being served via the Court's CM-ECF system on June 11, 2024.

Dated:  White Plains, New York

                      TADDONIO LAW PLLC

                      By:    s/ Brian M. Taddonio
                      Brian M. Taddonio (BT-1409)
                      brian@taddonio.law
                      75 South Broadway, Suite 4-2489
                      White Plains, NY 10601
                      Telephone: (646) 631-0598

                      *Attorney for Plaintiff,*
                      JR Apparel World LLC